**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF**
**IOWA CENTRAL DIVISION**

| | |
|---|---|
| SHALEE LINDBERG,<br><br>Plaintiff;<br><br>vs.<br><br>THE CBE GROUP, INC.; BROADLAWNS MEDICAL CENTER GUILD,<br><br>Defendants. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Shalee Lindberg, by and through her attorney Samuel Z. Marks, and for her Complaint against the Defendants, CBE Group, Inc. and Broadlawns Medical Center Guild, states as follows:

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant, CBE Group Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. This action for damages is also brought by an individual consumer against both Defendants for violations of the Iowa Debt Collections Practices Act Iowa Code § 537.7103 (hereinafter "IDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II.   JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331. The court further has jurisdiction over the state law claims under the IDCPA under 28 U.S.C. § 1367(a).

1

4. Venue in this District is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in Polk County, Iowa.

### III. PARTIES

5. Plaintiff, Shalee Lindberg, (hereinafter "Lindberg") is a natural person residing in Polk County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined in Iowa Code § 537.7102(6).

6. Defendant, CBE Group, Inc. (Hereinafter "CBE Group"), is registered to do business in the state of Iowa and has a registered agent of Thomas R. Penaluna located at 1309 Technology Pkwy, Cedar Falls, IA 50613.

7. Defendant, Broadlawns Medical Center Guild (hereinafter "Broadlawns"), is registered to do business in the state of Iowa and has a registered agent of Luann Vondracek located at 1801 Hickman Rd., Des Moines, IA 50314.

8. Broadlawns is a "debt collector" as defined at Iowa Code § 537.7102(5).

9. CBE Group is a "debt collector" as defined at Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

10. On November 6th, 2017, Lindberg filed for Bankruptcy relief under Chapter 7 of Title 11 of the United States Code (Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of Iowa. Said filing was assigned case number 17-02256-lmj7.

11. Lindberg included Broadlawns and CBE Group as creditors of hers on Schedule E/F of her Bankruptcy Petition.

12. On February 6, 2018, an Order Discharging Debtor was entered in the previously stated bankruptcy matter. Said Order Discharging Debtor stated in part,

> "Creditors cannot collect discharged debts. This order means that no one may make any attempt to collect a discharged debt from the debtors personally."

13. Any debt owed to Broadlawns and CBE Group was discharged by operation of law and pursuant to section 727 of the Bankruptcy Code.

14. A mere two days after Lindberg received her discharge, on February 8, 2018, CBE Group began a barrage of collection calls attempting to collect a debt for Broadlawns. The debt in question was the very same debt discharged in bankruptcy.

15. On February 8, 2018, CBE Group called Lindberg's cellphone at 9:37 a.m. and 2:41 p.m.

16. On February 9, 2018, CBE Group called Lindberg's cellphone at 9:53 a.m. and 2:40 p.m.

17. On February 13, 2018, CBE Group called Lindberg's cellphone at 9:11 a.m., 11:21 a.m. and 3:49 p.m.

18. On February 14, 2018, CBE Group called Lindberg's cellphone at 9:18 a.m., 12:24 p.m., 12:25 p.m. and 3:42 p.m.

19. On February 15, 2018, CBE Group called Lindberg's cellphone at 9:16 a.m., 11:28 a.m., 1:56 p.m. and 4:52 p.m.

20. On February 16, 2018, CBE Group called Lindberg's cellphone at 12:34 p.m.

21. Lindberg has received 16 calls attempting collect a debt discharged in bankruptcy from CBE Group.

22. The debt in question does not exceed the threshold amount as set forth by Iowa Code § 537.1301(47) and 12 C.F.R. 1026.3(6).

23. CBE Group was collecting on a debt on behalf of Broadlawns. Broadlawns is thus liable for the actions of their agent, CBE Group, under the respondent superior doctrine.

## V.     CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (AS TO CBE GROUP), 15 U.S.C. § 1692 et seq.**

24. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

25. Defendant, CBE Group, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

    a. 1692(c)(a)(2) CBE Group communicated with the Plaintiff and without the prior consent of the Plaintiff or the express permission of a court of competent jurisdiction. CBE Group was not permitted to communicate with the Plaintiff in connection with the collection of the debt, since CBE Group knew the Plaintiff was represented by an attorney with respect to the debt and had knowledge of, or could readily ascertain, such attorney's name and address;

    b. 1692d(5) CBE Group caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    c. 1692e(2)(A) CBE Group made a false representation of the character, amount, or legal status of the debt;

    d. 1692e(5) CBE Group threatened to take an action that cannot legally be taken or that is not intended to be taken;

    e. 1692e(10) CBE GROUP attempted to collect the debt through false representation or deceptive means;

    f. 1692f CBE Group used unfair or unconscionable means to collect or attempt to collect any debt; and

    g. 1692f(1) CBE Group attempted to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

26. As a result of each and every violation from Defendant, CBE Group, of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**WHEREFORE,** Plaintiff Lindberg prays that judgment be entered against Defendant CBE Group as follows:

    A. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant CBE Group;

    B. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant CBE Group;

    C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant CBE Group; and

    D. For such other and further relief as may be just and proper.

### SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, (AS TO CBE GROUP), IOWA CODE § 537.7103

27. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

28. Defendant, CBE Group, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

    a. 537.7103(1)(f) CBE Group took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

    b. 537.7103(4)(e) CBE Group made a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt through an intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding;

    c. 537.7103(5)(e) CBE Group communicated with the Plaintiff to collect the debt when CBE Group knew that the Plaintiff was represented by an attorney and the attorney's name and address were known, or could be easily ascertained.

29. As a result of each and every violation by CBE Group of the IDCPA, Plaintiff is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from CBE Group herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, CBE Group, as follows:

    a. For an award of actual damages for CBE Group's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

    b. For an award of statutory damages of $1000.00 for CBE Group's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

    c. For an award of award of the costs of this action and reasonable attorney fees for CBE Group's violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

    d. For such other and further relief as may be just and proper.

### THIRD CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, (AS TO BROADLAWNS), IOWA CODE § 537.7103

30. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

31. Defendant, Broadlawns, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

    a. 537.7103(1)(f) Broadlawns took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

    b. 537.7103(4)(e) Broadlawns made a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt through an intentional misrepresentation, or a representation which tends to create a

      false impression of the character, extent or amount of a debt, or of its status in a legal proceeding;

    c. 537.7103(5)(e) Broadlawns communicated with the Plaintiff to collect the debt when Broadlawns knew that the Plaintiff was represented by an attorney and the attorney's name and address were known, or could be easily ascertained.

32. As a result of each and every violation by Broadlawns of the IDCPA, Plaintiff is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Broadlawns herein.

==Respondant Superior==

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, Broadlawns as follows:

    a. For an award of actual damages for Broadlawns' violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

    b. For an award of statutory damages of $1000.00 for Broadlawns' violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

    c. For an award of award of the costs of this action and reasonable attorney fees for Broadlawns' violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

    d. For such other and further relief as may be just and proper.

## VI. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

                                    MARKS LAW FIRM, P.C.

                                    /s/ Samuel Z. Marks_____
                                  Samuel Z. Marks
                                  Attorney I.D. # IS9998821
                                  4225 University Avenue
                                  Des Moines, Iowa  50311
                                  (515) 276-7211
                                  FAX (515)276-6280
                                  EMAIL sam@markslawdm.com
                                             office@markslawdm.com
                                  ATTORNEY FOR PLAINTIFF
                                  SHALEE LINDBERG